UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRANDALE SUNSHYNE COMBEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-00697-RLY-MJD |
| | ) | |
| NANCY A. BERRYHILL,[1] Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Brandale Sunshyne Combest requests judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for Social Security Disability Insurance ("DIB") under Title II and for Supplemental Security

Income ("SSI") under Title XVI of the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 416(i),

423(d), 1382c(a)(3).[2] For the reasons set forth below, the Magistrate Judge recommends that the

District Judge **AFFIRM** the decision of the Commissioner.

**I.  Background**

Combest filed her application for SSI and DIB on June 14, 2011, alleging November 5,

2008, as the onset date of disability. [Dkt. 14-6 at 2 (R. 226).] In her disability report filed in

---

[1] Nancy A. Berryhill is substituted for Carolyn W. Colvin as the nominal defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] In general, the legal standards applied in the determination of disability are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

conjunction with her application, Combest listed fibromyalgia, back pain, degenerative disc disease, depression, anxiety, arthritis, nerve damage in her back and hips, obesity, migraines, and hip pain as her disabling conditions.[3]  [Dkt. 14-6 at 6 (R. 230).]

Combest's applications were denied initially on October 12, 2011 [Dkt. 14-4 at 6-23 (R. 115-32)] and upon reconsideration on January 31, 2012 [Dkt. 14-4 at 25-38 (R. 134-47)]. Combest timely requested a hearing on her application, which was held before Administrative Law Judge Mark C. Ziercher ("ALJ Ziercher") on January 23, 2013.  [Dkt. 14-2 at 46 (R. 45).] ALJ Ziercher issued his decision on March 27, 2013, again denying Combest's applications. [Dkt. 14-2 at 19-43 (R. 18-42).]  ALJ Ziercher found that Combest's fibromyalgia did not constitute a medically determinable impairment.  [Dkt. 14-2 at 26 (R. 25).]  On June 18, 2014, the Appeals Council denied Combest's request to review the ALJ's decision, making it the final decision of the Commissioner for the purposes of judicial review.  [Dkt. 14-16 at 27 (R. 1267).] On August 21, 2014, Combest timely filed a complaint in this Court, seeking judicial review of the Commissioner's decision.  [Dkt. 14-16 at 33 (R. 1273).]  On June 9, 2015, this Court granted the parties' joint motion to remand Combest's case to the SSA for further proceedings.  [Dkt. 14-16 at 39-43 (1279-83).]  On June 23, 2015, the Appeals Council directed an ALJ to once again consider whether Combest's fibromyalgia constitutes a medically determinable impairment and how such condition impacts her ability to work, among other issues.  [Dkt. 14-16 at 44-49 (R. 1284-89).]

---

[3] Combest recited the relevant factual and medical background in extensive detail in her opening brief. [See Dkt. 18.]  The Commissioner, unless otherwise noted herein, does not dispute these facts.  [See Dkt. 21.]  Because these facts involve Combest's sensitive and otherwise confidential medical information, the Court will incorporate by reference the factual background in the parties' briefs and articulate specific facts as needed below.

Combest appeared for a second hearing on September 23, 2015, before Administrative Law Judge Steven Collins ("the ALJ" or "ALJ Collins"). [Dkt. 14-15 at 25 (R. 1143).] On November 30, 2015, ALJ Collins again denied Combest's applications. [Dkt. 14-15 at 2-22 (R. 1120-40).] Combest timely filed her Complaint in this Court on March 28, 2016, again seeking judicial review of the Commissioner's decision. [Dkt. 1.]

## II.  Legal Standard

To be eligible for DIB or SSI, a claimant must have a disability pursuant to 42 U.S.C. § 423. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

To determine whether a claimant is disabled, the ALJ employs a five-step sequential analysis: (1) if the claimant is engaged in substantial gainful activity, she is not disabled; (2) if the claimant does not have a "severe" impairment, or one that significantly limits her ability to perform basic work activities, she is not disabled; (3) if the claimant's impairment or combination of impairments meets or medically equals any impairment appearing in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, the claimant is disabled; (4) if the claimant is not found to be disabled at step three and she is able to perform her past relevant work, she is not disabled; and (5) if the claimant is not found to be disabled at step three and either cannot perform her past relevant work or has no past relevant work but can perform certain other available work, she is not disabled. 20 C.F.R. § 404.1520. Before proceeding from step three to step four, the ALJ must assess the claimant's residual functional capacity (RFC), identifying the

claimant's functional limitations and assessing the claimant's remaining capacity for work related activities.  S.S.R. 96-8p, 1996 WL 374184.

The ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*  The Court may not reweigh the evidence or substitute its judgment for that of the ALJ but may only determine whether substantial evidence supports the ALJ's conclusion.  *Overman v. Astrue*, 546 F.2d 456, 462 (7th Cir. 2008) (citing *Schmidt v. Apfel*, 201 F.3d 970, 972 (7th Cir. 2000); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007)).  The ALJ "need not contain a complete written evaluation of every piece of evidence." *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011) (quoting *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005)).  However, the "ALJ's decision must be based upon consideration of all the relevant evidence." *Herron v. Shalala* 19 F.3d 329, 333 (7th Cir. 1997).  To be affirmed, the ALJ must articulate his analysis of the evidence in his decision. The ALJ must "provide some glimpse into his reasoning" and "build an accurate logical bridge from the evidence to his conclusion." *Dixon*, 270 F.3d at 1176.  The scope of review is confined to the rationale offered by the ALJ.  *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010).

### III.  The ALJ's Decision

ALJ Collins first determined that Combest met the insured status requirements of the Act through March 31, 2012 and had not engaged in substantial gainful activity since November 5, 2008.  [Dkt. 14-15 at 7 (R. 1125).]  At step two, the ALJ found Combest's severe impairments to include "degenerative disc disease, fibromyalgia, obesity, bilateral sacroiliac joint dysfunction, a

mood disorder, and an anxiety disorder." [*Id.* (citations omitted).]  At step three, the ALJ found

that Combest did not have an impairment or combination of impairments that meets or medically

equals a Listing, specifically considering Listing 1.02 for major dysfunction of joints; Listing

1.04 for disorders of the spine; Listing 12.04 for affective disorders; and Listing 12.06 for

anxiety related disorders.  [Dkt. 14-15 at 9-10 (R. 1127-28).]

Before step four, "[a]fter careful consideration of the entire record," the ALJ determined

that Combest had the RFC to perform light work with the following specific restrictions:

> [Combest may] sit for 30 minutes or more at a time for a total of six hours a day
> alternating with standing for 30 minutes or more at a time for a total of six hours a
> day in an eight hour day; with no more than occasional climbing of ramps and
> stairs; occasional balancing, stooping, kneeling, crouching, or crawling; only
> occasional overhead reaching bilaterally; can understand, remember, and carry
> out simple, routine, repetitive tasks, can have only occasional contact with the
> public, co-workers, and supervisors; in a position with few, if any work place
> changes.

[Dkt. 14-15 at 10 (R. 1128).]  At step four, the ALJ found that Combest is unable to perform her

past relevant work as a customer service worker, daycare, worker, shipping clerk, cashier, and

bookkeeper.  [Dkt. 14-15 at 13 (R. 1131).]  After considering Combest's age, education, work

experience, and RFC, the ALJ found that Combest could work as a mail sorter or an office

helper, which jobs existed in significant numbers in the national economy.  [Dkt. 14-15 at 14 (R.

1132).]  Based on these findings, the ALJ concluded at step five that Combest was not disabled

under the Act.  [*Id.*]

## IV.  Discussion

Combest challenges ALJ Collins's step three determination and credibility assessment.

The Court addresses each issue in turn.

## A. Step Three

Combest first challenges the ALJ's finding that Combest did not have a combination of impairments that medically equal a Listing.  Specifically, Combest argues that the ALJ should have addressed whether her fibromyalgia medically equaled Listing 14.09D.

In response, the Commissioner argues that Combest has failed to point to any evidence suggesting that she medically equals Listing 14.09D and that, even though ALJ Collins failed to mention the Listing by name, he nonetheless gave ample consideration to the issues relevant to that Listing.

Combest did not file a reply.

The step-three determination of whether a listing is met or equaled is an "ultimate legal question" left to the ALJ.  S.S.R. 96-6P, 1996 WL 374180; *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004).  While the ALJ should name and addresses each relevant Listing, "failure to explicitly refer to the relevant listing" does not itself necessitate reversal.  *Rice v. Barnhart*, 384 F.3d 363, 369-70 (7th Cir. 2004).  The claimant "has the burden of showing that his impairments meet a listing," and the ALJ's decision as to whether a listing is met or equaled must be affirmed if supported by substantial evidence.  *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006).  Moreover, the Court "will not remand a claim to the Commissioner without a showing" by the claimant, consistent with the burden of proof at step three, that remand "might lead to a different result."  *Johnson v. Colvin*, No. 1:14-cv-618-SEB-DKL, 2015 WL 5032267, at *6 (S.D. Ind. Aug. 24, 2015).  Furthermore, the failure to specifically address evidence at step three or in the context of a specific listing does not automatically require reversal where the ALJ later addresses the evidence because the ALJ's decision must "be read as a whole [and] need not reiterate the same information in multiple parts of the decisions."  *Barnhill v. Colvin*, No. 1:15-cv-1960-JMS-

MJD, 2016 WL 6680358, at *5 (S.D. Ind. Nov. 14, 2016); *see also, e.g.*, *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013) ("Schomas's concern about the format of the ALJ's decision is unfounded."); *Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) ("If the ALJ has otherwise explained his conclusion adequately, the inclusion of [impermissible boilerplate] can be harmless.").

Listing 14.09D provides that inflammatory arthritis is a disabling condition where a claimant suffers from

> [r]epeated manifestations of inflammatory arthritis, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>     1. Limitation of activities of daily living.
>     2. Limitation in maintaining social functioning.
>     3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 14.09D. Thus, in addition to symptoms associated with inflammatory arthritis, Listing 14.09D requires "marked" difficulties in any one of the following: daily living, social functioning, and ability to complete tasks. *Id.*

As the Commissioner explains, Combest fails to explain how her conditions could medically equal Listing 14.09D, aside from general assertions that the ALJ should have done more to consider the Listing. But even if Combest had provided such an explanation, Combest ignores that the ALJ discussed evidence and made findings regarding Combest's activities of daily living, social functioning, and ability to complete tasks and concluded that Combest had no more than "moderate" difficulties in any one category. [Dkt. 14-15 at 9-10 (R. 1127-28).] It is Combest's burden to demonstrate that remand for a new step three analysis could have produced a different result.[4] But Combest does not challenge any of these findings, nor did she respond to

---

[4] Combest faults ALJ Collins for failing to comply with Social Security Ruling 12-2p, which provides in relevant part that the ALJ should "determine whether [fibromyalgia] medically equals a listing . . . or

the Commissioner's argument that the ALJ amply considered the relevant evidence (albeit not in

a Listing 14.09D analysis) because Combest failed to reply to the Commissioner's response

brief.  Combest has therefore waived any arguments she may have had on these points; this

Court will not scour the record to respond to the Commissioner's arguments on Combest's

behalf.  *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to

an argument . . . results in waiver."); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th

Cir. 1991) ("Judges are not like pigs, hunting for truffles in briefs.").

    While the ALJ should have specifically addressed fibromyalgia at step three and should

have mentioned Listing 14.09D by name since it was raised at the hearing, remand would serve

no purpose because the ALJ's determination that Combest had no more than moderate

difficulties in daily living, social functioning, and ability to complete tasks—which forecloses a

finding of disability under Listing 14.09—is unchallenged and is supported by substantial

evidence in the record.  The Court should therefore decline to reverse the ALJ's disability

determination on this ground.

## B.  Credibility Determination

    Combest next challenges ALJ Collins's credibility assessment, arguing that the ALJ

impermissibly relied upon the objective evidence to discredit Combest's subjective complaints.

---

whether it medically equals a listing in combination with at least one other medically determinable impairment.  2012 WL 3104869, at *6 (July 25, 2012).  But S.S.R. 12-2p in no way alters the rule that the Court will not remand a case without a showing that the result could be different, nor does it shift the burden from the claimant at step three.  *Placke v. Colvin*, No. 4:12-cv-87-RLY-TAB, 2013 WL 5303746, at *4 (S.D. Ind. Sept. 19, 2013) ("Moreover, finding fibromyalgia as a severe impairment at step two does not itself prove that a claimant is disabled. *See Estok v. Apfel*, 152 F.3d 636, 640 (7th Cir.1998) ("fibromyalgia is not always (indeed, not usually) disabling").  S.S.R. 12–2p does not even recommend a finding of disability for fibromyalgia. Rather, Placke still must show at step three that her symptoms met or equaled an Appendix 1 listing . . . .").

In response, the Commissioner argues that the ALJ relied not only upon the objective evidence, but upon the substantial history of Combest's statements to medical providers that is inconsistent with her subjective complaints at the hearing.  The Commissioner further argues that the RFC assessment in fact accounted for Combest's subjective complaints.

The ALJ's credibility assessment warrants "special deference because the ALJ is in the best position to see and hear the witness and determine credibility." *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000).  While the ALJ may not disregard a claimant's testimony about the intensity of pain or its effect on her ability to work "solely because [it is] not substantiated by objective medical evidence," S.S.R. 96-7p, 1996 WL 374186, the ALJ is still entitled to resolve any "discrepancies between the objective evidence and self-reports," *Jones v. Astrue*, 623 F.3d 1155, 1161 (7th Cir. 2010).  At bottom, the critical inquiry remains whether the ALJ's credibility determination is "reasoned and supported," as it may be overturned only if it is "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).  A credibility determination is patently wrong if it "lacks any explanation or support." *Id.*

As the Commissioner explains, the ALJ did not solely rely upon objective evidence in assessing Combest's subjective complaints.  Instead, the ALJ recognized that "fibromyalgia is one of those impairments that cannot be discerned by objective medical evidence" and cited to multiple instances across several years where Combest reported substantial improvement in medicinal treatment of her fibromyalgia pain.  [Dkt. 14-15 at 11 (R. 1129).]  Combest accuses the ALJ of "cherry-pick[ing]" instances of improvement and cites to evidence of Combest's pain [Dkt. 18 at 15], but the ALJ was entitled to contrast what Combest has told medical providers with Combest's hearing testimony.[5]  Moreover, Combest failed to respond to the

_____

[5] Combest again argues that the ALJ did not comply with S.S.R. 12-2p.  But while S.S.R. 12-2p provides additional guidance for RFC assessments involving fibromyalgia, 2012 WL 3104869 at *6 ("[W]e will

9

Commissioner's brief; she therefore fails to rebut the Commissioner's argument that the

treatment records support the ALJ's conclusion that Combest could reasonably manage her pain

with medication.  *See Bonte*, 624 F.3d at 466.

Finally, with regard to the myriad symptoms stemming from fibromyalgia to which

Combest cites in bullet point fashion [Dkt. 18 at 16 (listing fatigue, memory problems,

depression, anxiety, irritable bowel syndrome, muscle pain, muscle weakness, headache,

numbness, dizziness, constipation, and nausea)], the Commissioner points out that the ALJ

considered and accommodated these symptoms in his RFC determination [Dkt. 14-15 at 10-13

(R. at 1128-31)].  The Commissioner further explains that these accommodations were "directly

supported by the findings of" ten different doctors.  [Dkt. 21 at 13.]  Combest does not respond

to this argument, and therefore fails to establish that these accommodations were insufficient.

In short, Combest has not demonstrated reversible error in the ALJ's credibility

determination.  Therefore, the Court should not reverse the ALJ's disability findings on this

ground.

## V.  Conclusion

For the foregoing reasons, the Court should find that Combest has failed to demonstrate

reversible error in ALJ Collins's determination that Combest is not disabled. The Magistrate

Judge therefore recommends that the District Judge **AFFIRM** the Commissioner's decision.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with

the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to

---

consider a longitudinal record whenever possible because the symptoms of FM can wax and wane so that a person may have 'bad days and good days.'"), it does not alter the burden of proof, the deference due to the ALJ, or the concept of harmless error, *Placke*, 2013 WL 5303746, at *4 ("Placke must still show . . . that her symptoms . . . necessitated a more restrictive RFC.  Placke failed to meet this burden, nor did she show when or how the ALJ required her to prove her pain objectively.").  In fact, the ALJ complied with S.S.R. 12-2p by considering Combest's reports to medical providers across several years.

timely file objections within fourteen days after service shall constitute a waiver of subsequent

review absent a showing of good cause for such failure.

Dated:  16 FEB 2017

_____

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the court's ECF system.